UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jerson A.D.G.,      Civil No. 26-516 (DWF/SGE)

       Petitioner,

v.

                                                        **MEMORANDUM**

Pamela Bondi, *in their official capacity as*      **OPINION AND ORDER**
*Attorney General of the United States*;
Kristi Noem, *in her capacity as Secretary
of the United States Department of
Homeland Security*; Todd M. Lyons, *in his
official capacity as Acting Director of the
United States Immigration and Customs
Enforcement*; and David Easterwood, *in
his official capacity as Acting Director, St.
Paul Field Office, U.S. Immigration and
Customs Enforcement*,

       Respondents.

## INTRODUCTION

This matter is before the Court on Petitioner Jerson A.D.G.'s petition for a writ of habeas corpus alleging that he is in custody in violation of the Constitution and laws of the United States ("the Petition"). (Doc. No. 1.) Respondents oppose, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1159(a)(1). (Doc. No. 5.) For the reasons set forth below, the Court grants the Petition and orders Respondents to release Petitioner from custody immediately.

## BACKGROUND

Petitioner is a refugee from Venezuela who was lawfully admitted to the United States on September 23, 2024. (Doc. No. 1 ¶¶ 1, 3.) He resides in Brooklyn Park, Minnesota. (*Id.* ¶ 5.) Since admission, he has followed all required processes and procedures to remain in good standing. (*Id.* ¶ 3.) Petitioner has not been charged with or convicted of any crimes. (*Id.* ¶ 44.) The Government has not initiated removal proceedings against Petitioner, and Petitioner has never been subject to a removal order. (*Id.* ¶¶ 50-51.) Petitioner has a pending I-485 application to adjust his status to that of a lawful permanent resident ("LPR"). (*Id.* ¶ 47.)

Petitioner received a letter from Respondents requesting a meeting regarding his refugee status. (*Id.* ¶ 3.) When Petitioner arrived at the meeting on January 21, 2026, he was arrested and detained. (*Id.*) He was first detained by U.S. Immigration and Customs Enforcement ("ICE") at Fort Snelling. (*Id.* ¶ 5.) He was then moved to an ICE facility in Texas but returned to Minnesota pursuant to court order. (*See* Doc. No. 5 at 1-2.) Respondents claim authority for continued detention under 8 U.S.C. § 1159(a)(1)(C). (Doc. No. 1 ¶ 12; Doc. No. 5 at 2.)

Petitioner filed the Petition on January 21, 2026. (Doc. No. 1 at 19.) He asserts that his detention violates his procedural and substantive due process rights under the Fifth Amendment, his Fourth Amendment rights to protection from unreasonable search and seizure, the Immigration and Nationality Act ("INA"), the Administrative Procedure Act, and the *Accardi* doctrine. (*Id.* ¶¶ 48-74.) He requests an order declaring that his

detention violates the law, immediate release from detention, and an award of attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412.  (*Id.* at 19.)

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).  That authority includes jurisdiction to hear habeas challenges to immigration-related detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020).  The burden is on the petitioner to prove illegal detention by a preponderance of the evidence.  *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

The Court starts and ends with Petitioner's claim that his detention violates his procedural due process rights.  The Due Process Clause of the Fifth Amendment provides that no person shall be deprived of life, liberty, or property without due process of law.  U.S. Const. amend. V.  Freedom from physical detention by the government is "the most elemental of liberty interests."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004).  Civil detention violates the Due Process Clause unless there is a "special justification" that "outweighs the individual's constitutionally protected interest in avoiding physical restraint."  *Zadvydas*, 533 U.S. at 690 (citation modified).  It is clear that Respondents' detention of Petitioner violates the Due Process Clause because they do not have authority to detain him.

Petitioner entered the United States as a refugee.  Under the INA, a "refugee" is any person who is outside their country of nationality, or where they last habitually

3

resided, and "is unable or unwilling to return to . . . that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). Following extensive screening and vetting procedures, refugees may be lawfully admitted into the United States. *See* 8 U.S.C. § 1157. A person who has obtained conditional status as a refugee is deemed to have been "admitted." *D-K-*, 25 I. & N. Dec. 761, 769 (B.I.A. 2012).

After residing in the United States for one year, refugees are required to apply for adjustment of status to lawful permanent residence. 8 U.S.C. § 1159(a). The statute provides that a refugee who has been admitted under § 1157, and whose admission has not been terminated, but who has not yet attained LPR status, "shall, at the end of such year period, return or be returned to the custody of the Department of Homeland Security for inspection and examination for admission to the United States as an immigrant in accordance with the provisions of sections 1225, 1229a, and 1231 of this title." 8 U.S.C. § 1159(a)(1).

This case hinges on the meaning of "custody" under § 1159(a). Respondents argue that this language gives DHS the authority to detain Petitioner. (Doc. No. 5 at 2-3.) Petitioner argues that the language merely gives DHS the authority to interview a refugee, not detain. (Doc. No. 6 at 12-13.) The Court agrees with Petitioner.

The "custody" contemplated by § 1159 is "for a limited time to serve a specified purpose—inspection and examination." *Serhii L. v. Bondi*, No. 26-cv-463, 2026 WL 184736, at *2 (D. Minn. Jan. 24, 2026). Such authority is not equivalent to authority to

4

detain. *See Clark v. Martinez*, 543 U.S. 371, 385-86 (2005) (finding that "custody" did not authorize "detention, much less indefinite detention" under a different provision of the INA). Put differently, § 1159 authorizes legal custody, not physical custody. *E.g.*, *Darvin M. v. Bondi*, No. 26-cv-437, 2026 WL 184843, at *2 (D. Minn. Jan. 24, 2026) ("As Petitioner correctly observes, 'custody' contemplates the exercise of control absent physical detention . . . ."). This reading is bolstered by the directive that a refugee "return or be returned." "Return" implies something which has happened previously. Refugees are not detained upon arrival, therefore, they could not be "returned" to detention. *See id.* Even DHS's own guidance says that detention under § 1159 is not proper. U.S. Immigr. & Customs Enf't, *Memorandum on Detention of Refugees Admitted Under INA § 207 Who Have Failed to Adjust to Lawful Permanent Resident Status* 2 (May 10, 2010), https://www.ice.gov/doclib/foia/policy/directive11039.1.pdf. ("[A]djustment of status under [§ 1159] is not a sufficient ground to place [refugees] in removal proceedings, and therefore not a proper basis for detaining them.").

Further, Respondents made no argument that detention was justified under one of the sections cited in § 1159—§§ 1225, 1229a, and 1231. Even if they had, none of those apply to Petitioner. He is not an "arriving alien" and there is no evidence that he has been placed in removal proceedings or that he is subject to a removal order. *See Jama A.O. v. Bondi*, No. 26-cv-420, 2026 WL 185767, at *4 (D. Minn. Jan. 23, 2026) (ordering the immediate release of a similarly situated refugee). "Respondents cannot justify Petitioner's continued detention through an open-ended assurance that they will get around to conducting the inspection and examination required by § 1159(a), which

presents their only identified basis for continued detention." *Aleksander B. v. Trump*, No. 26-cv-170, 2026 WL 172435, at *6 (D. Minn. Jan. 22, 2026).

Petitioner cannot be detained pursuant to § 1159 as he awaits determination on his LPR application. Accordingly, there is no lawful basis for Petitioner's detention, and the Court orders his immediate release.

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. No. [1]) is **GRANTED**.

2. The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3. Respondents are **ORDERED** to release Petitioner from custody immediately.

4. Within three (3) days of the date of this Order, Respondents shall provide the Court with a status update confirming Petitioner's release.

5. Within thirty (30) days of final judgment in this action, Petitioner may move to recover attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 27, 2026                s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge