**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jerson A.D.G.,

        Petitioner,

v.

Pamela Bondi, *in her official capacity as Attorney General of the United States*; Kristi Noem, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; Todd M. Lyons, *in his official capacity as Acting Director of the United States Immigration and Customs Enforcement*; and David Easterwood, *in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*,

        Respondents.

Civil No. 26-516 (DWF/SGE)

**MEMORANDUM
OPINION AND ORDER**

## INTRODUCTION

This matter is before the Court on Petitioner Jerson A.D.G.'s motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA").  (Doc. No. 10.)  Respondents oppose.  (Doc. No. 17.)  For the reasons set forth below, the Court grants the motion and awards attorneys' fees to Petitioner's counsel in the amount of $4,125.70.

## BACKGROUND

On January 21, 2026, Petitioner was arrested and detained by U.S. Immigration and Customs Enforcement.  (Doc. No. 1 ¶ 1.)  Petitioner then filed a petition for a writ of habeas corpus (the "Petition") the same day.  (*Id.* at 19.)  On January 27, 2026, the Court

granted the Petition and ordered Petitioner's immediate release from custody.  (Doc. No. 7 at 6.)

Petitioner now moves for an award of attorneys' fees pursuant to the EAJA, 28 U.S.C. § 2412, in the amount of $4,125.70.  (Doc. No. 10 at 1.)  Petitioner's counsel represented him on a pro bono basis and has thus far received no payment for time and costs expended.  (Doc. No. 14 ¶¶ 4-5.)  Petitioner has a net worth of under $2,000,000. (*Id.* ¶ 4.)

## DISCUSSION

The EAJA provides that a court shall award fees, costs, and other expenses incurred by the prevailing party in a civil action against the United States[1] "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  The "position of the United States" includes both the underlying agency action and the litigation position.  *Id.* § 2412(d)(2)(D).  The purpose of the EAJA is to eliminate, for the average person, barriers to challenging unreasonable governmental actions.  *Comm'r, Immigr. & Naturalization Serv. v. Jean*, 496 U.S. 154, 163 (1990).

A party seeking an award must apply for fees within thirty days of the final judgment.  28 U.S.C. § 2412(d)(1)(B).  In the application, they must establish that they

---

[1]     For purposes of the EAJA, the "United States" includes both agencies and any official acting in their official capacity.  28 U.S.C. § 2412(d)(2)(C).  Respondents are agents of the United States acting in their official capacity, so this action was against the United States.

were the prevailing party and are eligible to receive an award, detail the amount of the award sought, and allege that the position of the United States was not substantially justified. *Id.* If the prevailing party meets their burden, the burden shifts to the government to prove that it was substantially justified. *Huett v. Bowen*, 873 F.2d 1153, 1155 (8th Cir. 1989). Respondents do not dispute that Petitioner is the prevailing party, nor do they challenge the amount of fees requested. (*See* Doc. No. 17.) The only question for the Court is whether Respondents' position was substantially justified.

To be substantially justified, the government's argument need not be correct, but it must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Bah v. Cangemi*, 548 F.3d 680, 683-84 (8th Cir. 2008). A court determines whether the position of the United States was substantially justified "on the basis of the record." 28 U.S.C. § 2412(d)(1)(B).

Here, Respondents justified Petitioner's detention under 8 U.S.C. § 1159.[2] (Doc. No. 5.) In doing so, Respondents acted in direct opposition to their own guidance and in disregard of clear caselaw. (*See* Doc. No. 7 at 4-6 (explaining the deficiencies in Respondents' arguments).) That is unreasonable governmental conduct.

Respondents contend that their position was substantially justified because it is an unsettled issue in the Eighth Circuit. (Doc. No. 17 at 3-4 (citing *U.H.A. v. Bondi*, No. 26-cv-417, 2026 WL 558824 (D. Minn. Feb. 27, 2026)).) It is true that unsettled law

---

[2] Respondents' position captures both the underlying agency action and the litigation position. For the same reasons that the litigation strategy failed, the underlying action of arresting and detaining Petitioner was not substantially justified.

may justify a denial of fees under the EAJA.  *Bah*, 548 F.3d at 684.  However, the Court disagrees that the legal framework regarding detention of refugees is unsettled.  In *U.H.A.*, Judge Tunheim made it abundantly clear that the government's "position flatly contradicts the plain meaning of § 1159(a) and contravenes forty-five years of agency practice."  2026 WL 558824, at *1.  The law is settled and Respondents violated it.

The Court finds that Respondents were not substantially justified in arguing that Petitioner could be detained pursuant to § 1159, nor in the underlying detention of Petitioner.  The Court therefore awards $4,125.70 to Petitioner's counsel for the work on this case.

### ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.    Petitioner's motion for attorneys' fees (Doc. No. [10]) is **GRANTED**.

2.    Petitioner's attorney is awarded $4,125.70 in fees.

Dated:  March 19, 2026                    s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge